MARTIN v. POLLATCHEK.

(City Court of New York, General Term. April 14, 1893.)

ASSUMPSIT—WHEN LIES—MONEY HAD AND RECEIVED.

An action for money had and received will not lie, in the absence of fraud or mistake, to recover payments made for bonds sold on the installment plan.

Appeal from trial term.

Action by Adam Martin against Frank Pollatchek for money had and received. From a judgment in favor of defendant entered on a nonsuit, plaintiff appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

A. I. Sire, for appellant.

O. B. Gould, for respondent.

VAN WYCK, J. The plaintiff sues defendant, who agreed to pay all the lawful debts of the firm of Schreiber, Pollatchek & Son, and alleges that such "firm received from plaintiff seventy dollars, to the use of plaintiff." One half of this sum, to wit, $35, was made up of seven payments of $5 each, under one agreement, and the other half under another and similar agreement, and all that is said of the one applies to the other. The plaintiff, on trial, offered and had marked in evidence an agreement or certificate No. 2,699, signed by said firm, and by them delivered to him when he made the first payment of $5 in June, and which provided, among other things, that "on payment of $5 as a first installment, and of further twenty monthly installments of $5 each, payable at our office, on the first day of each month, we agree to deliver to bearer the following five original bonds, to wit:" and this agreement further provides that "by accepting this certificate the buyer signifies his consent to the conditions therein contained, and cannot thereafter rescind his agreement thereunder." The proof shows that he paid six other installments of $5 each in the next succeeding six months, and that upon each of such payments he received from the firm a receipt as follows: "Received from Adam Martin five dollars as second payment on certificate No. 2,699;" and so on as to the third, fourth, fifth, sixth, and seventh installments paid by him. This action is to recover these seven payments as money received by said firm to the use of plaintiff, and there is no allegation of fraud or mistake. However, the plaintiff was allowed, against defendant's objection, to introduce evidence of the sayings of the firm, when this agreement No. 2,699 and the other similar one was delivered to plaintiff, as follows: "He said that I should keep them, and pay him $5 on each; and I said 'What for?' and he said that they were lotteries, and that if I paid $5 apiece I should get my money back. I told him that I did not want them, and he said, 'You be sure and keep them, and you will be sure of your money.'" The plaintiff took them in June, and then paid first installment, and continued to pay the monthly installments for six months thereafter, keeping the agree-

ments of sale meantime, and producing them on trial. It is conceded by plaintiff that these bonds, sold on this installment plan, are authorized by the decisions of the court of appeals. The plaintiff was properly nonsuited at trial, and the judgment is affirmed, with costs. All concur.